### JOHN BANNON *vs.* AMOS ANGIER.

The practical adoption and use, for a long time, of a particular route, under a right of way granted by deed, without fixed and defined limits, if acquiesced in by the grantor, operate to determine the location of the way as effectually as if the same had been described in the deed.

Proof of mere non-user of a way created by deed, for a period less than twenty years, without proof of adverse enjoyment by the owner of the land, is not sufficient proof of an abandonment of the right.

A declaration alleging the existence of a way leading to a highway in Burlington may be amended on terms, after verdict, so as to allege the existence of a way leading to a highway in Lexington.

TORT for the obstruction of a right of way over land of the defendant. The plaintiff's title was by deed, in which no limits of the way granted were fixed or defined. At the trial in the

superior court, before *Morton*, J., a verdict was returned for the plaintiff, and the defendant alleged exceptions.

*C. Robinson, Jr.*, for the defendant.

*J. S. Keyes*, for the plaintiff.

BIGELOW, C. J.  1. Where a right of way, or other easement, is granted by deed without fixed and defined limits, the practical location and use of such way or easement by the grantee under his deed, acquiesced in by the grantor at the time of the grant and for a long time subsequent thereto, operate as an assign ment of the right, and are deemed to be that which was intended to be conveyed by the deed, and are the same, in legal effect, as if it had been fully described by the terms of the grant.  If it is afterwards obstructed by the grantor, he is liable to an action therefor, and cannot defend by showing another way or mode of enjoyment in a different line or direction, although it may be equally convenient with the right or privilege originally granted. Gale & Whatley on Easements, 344.  *Jennison v. Walker*, 15 Gray,    .

2. A mere non-user of a way or easement created by deed, without proof of adverse enjoyment by the owner of land, is not sufficient proof of an abandonment of the right.  *White* v. *Crawford*, 10 Mass. 183.  *Arnold* v. *Stevens*, 24 Pick. 106.  *Jennison* v. *Walker, ubi supra.*

3. There was a variance between the proof and declaration. It appeared in evidence that the way claimed by the plaintiff led to the highway in Lexington, and not in Burlington, as alleged in the declaration.  But this defect may be amended under Gen. Sts. *c*. 129, § 41, because it is a matter which will enable the plaintiff to maintain his action for the cause for which it was intended to be brought, and which was in fact tried before the jury.  Such an amendment may be allowed on the condition that the plaintiff taxes no costs up to the time of filing it in the court below, and thereupon the entry will be

*Exceptions overruled.*