JAMES CAMPBELL et al., Appellants, v. MARY KUHLMANN, Respondent.

St. Louis Court of Appeals, March 4, 1890.

Easements : WHEN GRANT NOT EXCLUSIVE. The grant of an easement carries with it by implication only such incidents as are necessary to the reasonable enjoyment of it; therefore, the grant of a right of way which is not exclusive in its terms, and which can be reasonably enjoyed without being exclusive, leaves in the grantor and his assigns the right of user in common with the grantee.

*Appeal from the St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

REVERSED AND REMANDED.

*A. McElhinney*, for the appellants.

*R. H. Stevens, Jr.*, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This is a suit for an injunction to restrain the defendant from obstructing a private way. The plaintiffs claim the right to use the way, *first*, by asserting an unterrupted use of it for more than ten years prior to the bringing of the action; *secondly*, under a deed from F. M. Wright and Francis Gallagher to them, conveying the fee over which the way passes. The petition states, and the answer admits, that the defendant has an easement of way in the private way in question, but the defendant sets up that the easement is exclusive in herself, and that she, therefore, has the right to close it against the plaintiffs; and whether it is exclusive in her, so as to give her this right, seems to be the only question in the case.

The claim set up in the petition, that the plaintiffs had enjoyed the uninterrupted use of this way for more than ten years prior to the bringing of the action, may be laid out of view, because this allegation was clearly not supported by the evidence. The evidence, on the contrary, showed that their tenants had purchased the use of the way, at various periods during this time, from tenants of the land to which the right of way was annexed, of which land the defendant is now the owner.

That the plaintiffs are the owners of the *fee* in the way, by a deed from Wright and Gallagher, is equally unquestioned. The remaining question then is whether the defendant acquired, by the purchase of the easement of way, the *exclusive* right to the enjoyment thereof.

That an easement of way in a private road may be enjoyed by different persons is a proposition which cannot be disputed. It was incidentally held by this court in the late case of *Presbyterian Church v. Kellar, ante,* p. 441. Whether a grant of an easement in a deed is *exclusive,* in the sense of depriving the grantor, who retains the fee, or his grantees who acquire the fee, of the right to a similar easement over the same ground, would seem to depend upon two considerations : *First,* the terms of the deed making the original grant of the easement to the first grantee, and, *secondly,* the nature of the easement itself.

As to the first consideration, it is to be observed that there is nothing in the terms of the various deeds, through which this easement of way has come down to the defendant, which necessarily implies that it was intended to be a way to be enjoyed by her to the exclusion of all other persons. It is described in the various deeds as "the right of way of a road from said land, on the east line of the lands of said Wherry, twenty feet wide, to the central plank road." We, therefore, see nothing in the terms of these deeds to exclude the owner of the fee from enjoying a similar easement over the same land, or from vesting such an easement in others, by conveyance of the fee over which this private right of way was first granted, unless it be true that the use of the right of way by the subsequent grantees will impair or infringe upon the easement granted to defendant. Of course, it is not questioned that an easement can exist in one person, and that the fee can be thereafter conveyed to another person. *Whitbeck v. Cook,* 15 Johns. (N. Y.) 483; s. c., 8 Am. Dec. 272; *Kellogg v. Ingersoll,* 2 Mass. 97. Whether the grant of an easement over land entirely excludes the rights of the grantor, or those, other than the grantee of the easement, who have subsequently acquired the fee, from having an easement over the same land, must

depend upon the nature of the easement first granted. The easement may, from its very nature, be exclusive in the first grantee,—as in the case of the easement of right of way granted to a railway company, or the easement of a landing-place granted to the owner of a public ferry. But, in the case of an ordinary way, the grant is not necessarily exclusive. This was admitted by Gibson, C. J., in *Kirkham v. Sharp*, 1 Whart. (Pa.) 333; s. c., 29 Am. Dec. 57, and the principal was re-asserted by him in *Bird v. Smith*, 8 Watts. (Pa.) 434; s. c., 34. Am. Dec. 483, 486. "The rule seems to be," said he in the latter case, "that the grant shall not be extended beyond the purpose to be answered by it; nor ought it in reason to be. * * * There is no room to suppose the grantee paid for, or the grantor parted with, more than was adequate to the purpose." Similarly, it was said in the court of appeals of Kentucky by Marshal, C. J., speaking of the grant of an easement of way : " Nothing passes as incident to such a grant, but that which is necessary for its reasonable and proper enjoyment. Notwithstanding such a grant, there remains with the grantor the right of full dominion and use of the land, except so far as a limitation of his right is essential to a fair enjoyment of the right of way which he has granted. It is not necessary that the grantor should expressly reserve any right, which he may exercise consistently with a fair enjoyment of the grant. Such rights remain with him, because they are not granted. And, for the same reason, the exercise of any of them cannot be complained of by the grantee, who can claim no other limitation upon the rights of the grantor, but such as are expressed in the grant, or necessarily implied in the right of reasonable enjoyment." *Maxwell v. McAtee*, 9 B. Mon. 20; s. c., 48 Am. Dec. 409. In a treatise on the subject of easements, which has acquired authority, both in England and in this country, a similar view is expressed in the following language : " The existence of an easement

does not confer any right on the grantee that the owner of the servient tenement should not use his land in any way which is not inconsistent with his enjoyment of the easement; neither can it prevent the land-owner granting to a third person another easement or right, if it does not hinder the first grantee from having the full enjoyment of his easement." Goddard on Easements [Bennett's Ed.] 280.

Applying these principles to the case before us, it seems to stand in this way: The defendant is the grantee of a right of way over the strip of land in controversy, under deeds which are prior in time to those through which the plaintiffs claim. The plaintiffs have subsequently acquired the fee to the land over which this way extends. They, as owners of the land, stand in the same relation toward the defendant, in which the original grantor of the easement of way, himself reserving the fee, stood toward his grantee. By granting an easement of way to his grantee, he did not exclude himself from the right of passing to and fro over the same way, because the terms of the deed did not so imply, and because his right of passage was not inconsistent with the right of passage granted to his grantee. The same right of passage exists in these plaintiffs as the owners of the fee. If they undertake to exercise this right in such a manner as substantially to impair or abridge the right of way of the defendant, or to annoy her in the use of her right of way, she will be entitled to the same remedy against them which they now invoke against her.

The judgment of the circuit court will be reversed and the cause remanded, with directions to enter a decree perpetually enjoining the defendant, her agents and servants, from placing and maintaining any obstruction in said road, or otherwise interfering with the travel of the plaintiff thereon. It is so ordered. All the judges concur.