## HINES v. HAMBURGER.

(Supreme Court, Appellate Division, Second Department.   March 2, 1897.)

EASEMENTS—WAY BY NECESSITY—PRESCRIPTIVE RIGHT.
    A right of way by necessity cannot be changed by the owner of the servient estate, after an uninterrupted existence of 35 years, without the consent of the owner of the dominant estate.

Appeal from trial term, New York county.

Transferred from the First department.

Action by Harry A. C. Hines against Pauline M. Hamburger for damages for breach of covenant against incumbrances. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Richard M. Henry, for appellant.

Frank G. Wild, for respondent.

GOODRICH, P. J. The defendant, in 1891, being the owner of a farm at Bound Brook, N. J., containing about 108 acres, conveyed it to the plaintiff by a deed containing the usual covenant against incumbrances. This farm was a part of a larger tract, originally owned by Maria Beekman, who, in 1852, conveyed to Van Doren a portion so situated that there was no access to the highway except over the plaintiff's farm. A way by necessity having thus arisen, a road about 10 or 12 feet wide and about half a mile long was laid out. At the highway it was closed by a gate, at which there was a trespass sign, and it had been used for over 35 years. The plaintiff alleged that this right of way was an incumbrance within the covenant of the deed, and brought his action for damages, claiming the difference between the value of the farm incumbered with the right of way and the value of the farm relieved from such burden. The jury awarded $900 damages. The plaintiff claimed that the way ran nearly through the middle of the farm, dividing it into two tracts, which materially diminished its value. In answer to this the defendant, while admitting that the right of way existed, and was an incumbrance within the covenant of the deed, asserted that the plaintiff had an absolute right to change the location of the way to some other place, which would afford reasonable access to the highway, and run it along one edge of the farm, the practical result of which would be merely to diminish the area of the farm by a strip containing one or two acres, so that the damage would be simply the value of the land thus taken, viz. the proportionate value of the acreage, —about $50 or $100. The defendant also contended that where a right of way by necessity exists it can never ripen into a right of way by prescription; that the 35 years' enjoyment does not operate to estop him to change the location; and that even the particular right of way is not a perpetual right, but one which exists only so long as the necessity exists. Upon this ground the defendant assigns error in the refusal of the court to permit him to prove that

another way, .over another part of the servient farm, would have afforded equal convenience of access.

The question asked was as follows: "Now, if this lane of twelve feet was moved seven hundred feet towards the one extremity of your farm, and was cut through from the turnpike, it would run back to Mr. Van Doren's farm. You could make such an entrance, could you not?" The defendant admitted that 20 years had expired since the opening of the road, and the evidence was excluded. To prove lex loci, the plaintiff subsequently offered in evidence the case of Carlisle v. Cooper, 19 N. J. Eq. 256. In that case Chancellor Zabriskie held:

"There is in this state no statute of limitation by which an easement may be acquired; but the courts have, by analogy to the statute relating to other real property, adopted twenty years as the term for acquiring an easement by enjoyment. In adopting this they adopt all the other requisites in the statute, and annexed to it by construction. This would require that the adverse enjoyment must have been continuous, and to the full extent for the whole time."

·If it be said that the possession of the way in question is not adverse to the owner of the servient farm, it may also be said that its location is adverse. The location of the way, and its uninterrupted use for 35 years, constitute enjoyment, within the language of the chancellor.

It must be assumed that the way was located either by the owner of the servient farm, or with his consent. The defendant insists upon his right to change this route arbitrarily; not once only, but from time to time, as his convenience may require, or his whim may dictate; and this without reference to the fact that no change is shown to have taken place in the general condition of the neighborhood. The case of Palmer v. Palmer, 150 N. Y. 146, 44 N. E. 966, holds a contrary doctrine, where it is said:

"The grantor in such a case has the right to designate the track or way, having due regard to the rights of both parties; but if he declines or omits to exercise that right the grantee may select for himself, and will be supported in that selection, unless chargeable with palpable abuse."

In the case of Onthank v. Railroad Co., 71 N. Y. 197, the court cites with approval the ruling of Judge Bigelow in Jennison v. Walker, 11 Gray, 423:

"Where an easement in land is granted in general terms, without giving definite location and description to it, so that the part of the land over which the right is to be exercised cannot be definitely ascertained, the grantee does not thereby acquire a right to use the servient estate without limitation as to the place or mode in which the easement is to be enjoyed. When the right granted has been once exercised in a fixed and definite course, with the full acquiescence of both parties, it cannot be changed at the pleasure of the grantee."

And he said:

"This rule rests on the principle that when the terms of a grant are general or indefinite, so that its construction is uncertain and ambiguous, the acts of the parties contemporaneous with the grant, giving a practical construction to it, shall be deemed to be a just exposition of the intent of the parties."

The court also cited with approval the decision in Bannon v. Angier, 2 Allen, 128, where it is said:

"Where a right of way or other easement is granted by deed, without fixed and definite limits, the practical location and use of such way or easement by the

grantee under his deed, acquiesced in by the grantor at the time of the grant and for a long time subsequent thereto, operate as an assignment of the right, and are deemed to be that which was intended to be conveyed by the deed, and are the same, in legal effect, as if it had been fully described by the terms of the grant. If it is afterwards obstructed by the grantor, he is liable to an action therefor, and cannot defend by showing another way or mode of enjoyment in a different line or direction, although it may be equally convenient with the right or privilege originally granted."

Mr. Washburn says:

"Where a right of way is granted, but its locality and duration are not defined, it may become fixed by use and acts of acquiescence of the parties. ＊ ＊ ＊ And, when once fixed by user, it may not be changed except by a sufficiently long acquiescence therein by the parties in interest." Washb. Easem. p. 265.

This view is supported by the case of Leonard v. Leonard, 2 Allen, 543, where it is said:

"If it be shown in such a case that a particular way was used for a long time over one parcel in order to get access to the other, it tends to show that the grantor deemed the way used by him to be convenient, useful, and necessary, as appurtenant to the land granted, and thus indicates that it was his intention to convey it as an essential right or easement to the enjoyment of the estate."

The right of way by necessity terminates, of course, with the necessity, as it would by the construction of a new public highway between the two farms; but it cannot be changed by the owner of the servient estate, after an uninterrupted enjoyment of 35 years, without the consent of the owner of the dominant estate. Nor do we see any distinction in this regard between an easement by grant and an easement by construction, in the case of right of way by necessity. If the existence of the easement is once established so as to become a fact, the enjoyment of it for a sufficient period will prevent its change, without the consent of both parties, so long as the necessity exists.

In Wynkoop v. Burger, 12 Johns. 222, the court said:

"The right of way is established by grant; and there is, of course, no necessity for presuming a grant from the long acquiescence in the use of the way. The grant does not designate the precise place; but the length of time the way has been used in a particular place shows the location by the acts of acquiescence of the parties. It would be extremely unjust to allow the plaintiff in error to be changing this road whenever he pleased."

We have also examined with care the exceptions to the charge. Some of them are embraced in and disposed of by this opinion, and the others are not sustained.

The judgment should be affirmed, with costs. All concur.