H. A. McCrary, Respondent, v. Simon Good, Appellant.

Kansas City Court of Appeals, April 4, 1898.

Justices' Courts: SUFFICIENT STATEMENT. A statement set out in the opinion is *held* insufficient under the requirements of the statute, notwithstanding the liberal rules applying to pleadings in the justices' courts.

*Appeal from the Jackson Circuit Court.*—Hon. Jno. W. Henry, Judge.

REVERSED.

Edward Wright Taylor for appellant.

The statement, whether it be held to be a statement of account or a statement of a cause of action, is not sufficient to support a judgment. Pattison v. Lutz, 1 Mo. App. 133; Weese v. Brown, 28 Mo. App. 521; Nutter v. Houston, 32 Mo. App. 451; Rosenburg v. Boyd, 14 Mo. App. 429; Butts v. Phelps, 79 Mo. 302; Brashears v. Strock, 46 Mo. 221; Swartz v. Nicholson, 65 Mo. 508; Hill v. Ore & Steel Co., 90 Mo. 103.

Haff & Van Valkenburgh for respondent.

We think that the meaning of this account would be fully intelligible to all business men, as well as to railway experts, and was certainly well known to Mr. Simon Good, who had used such mileage extensively from ticket brokers, as he himself admits, and he was also fully familiar with the account sued on according to his own testimony. That, in making statements of accounts, even for suit in justices' courts, figures and

bookkeeping abbreviations are allowable, is a matter which scarcely requires argument. Even in mechanics' lien cases, where the greatest particularity is required, such abbreviations and technical terms have been held to be sufficient. Henry v. Plitt, 84 Mo. 237, at page 241; Johnson v. Moffett, 19 Mo. App. 161; Strathmann v. Gorla, 14 Mo. App. 1; Force v. Squier, 133 Mo. 309; Burt v. Warne, 31 Mo. 296; Fitzgerald v. Murphy, 9 Mo. App. 572; Quinn v. Stout, 31 Mo. 160; Philip v. Fitzpatrick, 34 Mo. 276; Allen v. McMonagle, 77 Mo. 478; Lewis v. Baker, 24 Mo. App. 682.

GILL, J.—This suit was brought in a justice's court where the plaintiff filed the following as a so-called statement of his cause of action:

"KANSAS CITY, MO., 9–7, 1895.

Mr. Simon Good, In Account With McCrary's Railway Ticket Office, 1022 Union Avenue, Opposite Union Depot. Branch Office: Midland Hotel.

| 4–21, '95. | 27717–162 Van., | | |
|---|---|---|---|
| | 27786–144  " | | |
| | 564–213 Big 4, | | |
| | 9524–132 Wab. Cover, | | |
| | 33846–201 R. I. Cover, | | |
| | 8678–1248 C. A. Cover, | | |
| | 2,100 miles a 2 & 1–4 | $47.25 | |
| | (3) Covers, | 30.00 | $77.25 |
| | Cr.—Returned. | | |
| 6–11, | 33846—Cover R. I., | $10.00 | |
| | 9524   "  Wab., | 10.00 | $20,00 |
| | Balance due H. A. Mc. | | $57.25 |

All of the above furnished
    Mr. H. C. HANSEN,
    on account Mr. S. Good."

The sufficiency of this statement is one of the points raised on this appeal. The trial court held it good. We think otherwise. While no formal pleadings are required in a justice's court, the statute calls

on the plaintiff "to file with the justice the instrument sued on, or a statement of the account, or of the facts constituting the cause of action upon which the suit is founded." And while the appellate courts of the state have been very liberal in sustaining informal complaints, they have yet uniformly held that the statement should be sufficiently specific of itself to advise the defendant of the nature of the claim against him and sufficiently definite to bar another action.

It seems to us that the foregoing statement comes far short of these requisites. It is enigmatical, a puzzle. There is nothing on its face to *suggest* even the nature of the items. It will not do to say that defendant Good knew for what he was sued, and that therefore the statement was good enough. He might have known the nature of the claim even if the *figures* had been omitted, and he had been charged simply with being indebted to the plaintiff in the sum sued for, to wit, $57.25, and yet no one would contend that such a statement would answer the demands of the statute. We have been cited to no decided case that upholds the sufficiency of this statement.

We omit here to state anything as to the items sued for; and doubt if any one reading the plaintiff's so-called statement of account can understand for what the defendant was sued. *We* only gather it by an examination of the evidence accompanied by the statements and argument of counsel. This shows the utter uselessness of the paper to advise the defendant of the nature of the claim and to bar another action for the same thing. Judgment reversed. All concur.