HERMAN SCHROER, Respondent, v. A. R. BROOKS, Appellant.

St. Louis Court of Appeals. Opinion Filed July 30, 1920.

1. **TRIAL PRACTICE: Demurrer to Evidence: Inferences: Viewed Most Favorable to Plaintiff.** In reviewing a demurrer to the evidence, plaintiff should enjoy the most favorable view of his case that the evidence warrants and of every reasonable inference therefrom.

2. **JUSTICE OF THE PEACE: Pleading: Statement.** The statement in a justice court is not required to be drawn with that technical precision which might be requisite in the circuit court, yet it must be precise enough to apprise defendant of the cause of action and bar another action.

3. **EVIDENCE: Deeds: Description of Land Uncertain: Admissibility.** Where the statement followed exactly the description in a deed in an action for trespass, and its sufficiency was never challenged, but, on the contrary, was so definite as to cause defendant to believe title to his real estate to be involved, and plaintiff was permitted to testify that he had paid to defendant a certain sum of money for the lands corresponding to the description in his statement, the admission of the deed in evidence did not constitute reversible error on the score that the description therein contained was inadequate and uncertain.

4. ———: ———: **Trespass: Description Insufficient to Operate as Conveyance: Admissibility.** In an action for trespass, a deed, even though insufficient to operate as a conveyance of the fee to a roadway, the land involved, was admissible in evidence to fix the date of payment of the consideration and the time from which plaintiff claimed the use of the roadway as a matter of right, in view of the road having been marked out by plaintiff prior to the conveyance, and the conveyance intending to convey the roadway so marked, it was proper to introduce same in evidence together with the testimony with reference to the intended grant.

5. **ROADS AND HIGHWAYS: Private Roadway: Easements: May Be Established by Adverse Possession: Limitations.** A prescriptive right to the use of an easement in a private roadway does not rest exclusively in grant, it may be established in the same way as title to land—that is, by adverse possession under a claim of right, uninterrupted for ten years.

6. ———: ———: ———: **Prescription: Right Acquired Although Not Exclusive User.** Even though plaintiff's possession of a private road was not exclusive, because others used the same road, the plaintiff's right of user was not effected by a like right, if any, in others.

7. ———: ———: ———: ———: **Consideration: Unfenced Lands.** Where a valid consideration had been paid for a roadway marked out by the grantor, and adverse possession as a roadway maintained for the statutory period, the fact that the lands through which the easement runs were unfenced did not prevent the grantee from acquiring the easement by prescription; the lands over which the easement is claimed being located in a well settled country, and form no part of an extensive, uninhabited area.

Schroer v. Brooks.

8. **MASTER AND SERVANT: Trespass: Cutting Timber: Independent Contractor.** While there are no hard and fast definitions of independent contractors, and there is no absolute rule by which it can be determined, when one is and is not an independent contractor; each case resting upon its own peculiar state of facts, and, giving to the plaintiff every reasonable inference that can be drawn from the testimony, *held*, that one employed to cut timber who was to be paid so much a thousand for the cutting of sawlogs or ties, privileged to select the timber, determine his own hours of labor, use such appliances as he saw fit, and employed, and paid out of his own pocket, assistance, etc., was an independent contractor, and that the relation of master and servant did not obtain between the defendant and such contractor, even though the nature of the labor to be performed belonged to that class particularly denominated common or hard labor.

9. **ROADS AND HIGHWAYS: Private Roadway: Easements: Owner of Fee May Cut Timber Along Roadway** The owner of the fee subject to an easement in a roadway acquired by prescription had the right to cut and remove, within a reasonable time, the timber from the roadway itself, as well as from along the sides thereof; and what would be a reasonable time, within which to remove timber so cut, would be measured in part by the nature and extent of plaintiff's use of the roadway.

10. **MASTER AND SERVANT: Trespass: Independent Contractor: Owner of Fee not Liable.** Where the owner of the fee, subject to an easement in a roadway acquired by prescription, was having logs and ties cut and removed by an independent contractor, he was not liable in trespass for acts of the independent contractor in leaving the cut timber or brush in the roadway an unnecessary length of time that might interfere with plaintiff's easement; as such acts would then amount to either a nuisance or negligence.

11. **EVIDENCE: Impeaching One's Witness.** While it is true that one is not absolutely bound by the testimony of a witness called by him, yet, where the testimony of such witness is the only evidence adduced to prove a fact, and does prove it, then he is precluded from impeaching such witness or from otherwise inviting the jury to disregard such witness's testimony.

Appeal from the Circuit Court of Lincoln County.—*Hon. Edgar B. Woolfolk*, Judge.

REVERSED.

R. M. *Nichols* for appellant.

(1) The deed is void for uncertainty in its description. King v. Wood, 7 Mo. 389; Bell v. Dawson, 32 Mo. 79; Alexander v. Hickman, 34 Mo. 496; City of Jefferson v. Whipple, 71 Mo. 519; Fox v. Courtney, 111 Mo. 147; State ex rel. v. Railway, 114 Mo. 1; Mudd v. Dillon, 166 Mo. 110; State ex rel. v. Burrough, 174 Mo. 700; Martin v. Ketchen, 195 Mo. 477; McCommack v. Parsons, 195 Mo. 91; Blumenthal v. Blumenthal, 251 Mo. 693; Schroeder v. Turpin, 253 Mo. 258; Cement & M. Co. v. Kreis, 261 Mo. 160. (2) Where the description in a deed is ambiguous and uncertain, and this appears upon the face of the deed, it cannot be cured by evidence *aliunde.* Campbell v. Johnson, 44 Mo. 247; Carter v. Holman, 60 Mo. 498; Mudd v. Dillon, 160 Mo. 110; Johnson v. Fecht, 185 Mo. 335. (3) A subsequent purchaser is not charged with constructive notice by the record of a deed, the description in which is so indefinite and uncertain that it would not enable the purchaser to identify the land sought to be conveyed. Gatewood v. House, 65 Mo. 663; Cass v. Oldham, 75 Mo. 50; Ford v. Unity Church Society, 120 Mo. 498; Land and Lumber Co. v. Franks, 156 Mo. 673. (4) The defendant Brooks would undoubtedly be an innocent purchaser as to all of the road located in the valley of Wolf Pen hollow, all of which is in section 30, because the deed describes the road as being in section 31. There was no evidence that either before or after the purchase by Mr. Brooks he knew of the existence of any part of the road, and the deed, describing the strip of land of twenty feet as being in section 31, would not even be constructive notice to him of the road located in section 30. Webb on Record Titles, secs. 147, 180; Gatewood v. House, 65 Mo. 663; Cass v. Oldham, 75 Mo. 50; Ford v. Unity Church Society, 120 Mo. 498; Land Co. v. Franke, 156 Mo. 673. (5) (a) Adverse possession must have been "hostile," i. e., "adverse," not in privity with the true owner. Plaintiff could not claim under his deed and under adverse possession.

Pease v. Lawson, 33 Mo. 35. (b) Adverse possession must have been "exclusive,", not, as shown in the instant case, traveled by others. This would be a "mixed possession." Burk v. Adams, 80 Mo. 515; Swope v. Hurd 185 Mo. 325; Bailey v. Carleton, 12 N. H. 9. (c) Adverse possession must have been by "actual occupancy." This was not shown. Claimant passed over the road sometimes every week, and sometimes twice per week. He could have occupied it by a fence, which, in the absence of actual use, would have been actual occupancy. Gaines v. Saunders, 87 Mo. 557; Hunter v. Wethington, 205 Mo. 293. (d) Adverse possession must have been "actual open, visible and notorious." In the absence of a fence or payment of taxes, there could have been nothing but wagon tracks and occasional neighbors passing through the woods. This would suffice. De Graw v. Taylor, 37 Mo. 310; Fugate v. Pierce, 49 Mo. 447. (e) Adverse ossepssion must have been "unbroken." In the absence of a fence, the occasional use in driving through the twenty-foot strip was broken when not in use. Hunnewell v. Burchett, 152 Mo. 611; Baber v. Henderson, 156 Mo. 566. (6) While "color of title" of a defined body of land may be created by acts *in pais*, without writing, where as here a written instrument is relied on as giving "color of title," and the description does not identify the land with the degree of certainty essential to ascertain the boundaries and identity thereof, the deed lacks the first essential of "color of title." Fugate v. Pierce, 49 Mo. 441; Cooper v. Ord, 60 Mo. 431; Pharis v. Bayliss, 122 Mo. 124; Slicer v. Owens, 241 Mo. 319; Realty Co. v. Realty Co., 245 Mo. 419; Hanna v. Pulmer, 194 Ill. 41, 56 L. R. A. 93; Allmendinger v. McHie, 189 Ill. 308, 59 N. E. 517; Brennan v. Henry, 142 Ala. 698, 110 Am. St. Rep. 55; Napier v. Little, 137 Ga. 242, 38 L. R. A. (N. S.) 91; Tate v. Southard, 10 N. Car. 119, 14 Am. Dec. 578; Enfield v. Day, 7 N. H. 437, 28 Am. Dec. 360; Sowles v. Minot, 82 Vt. 344, 73 Atl. 1025; Humphries v. Huffman, 33 Oh. St. 395; Wyman v. Walker, 58 So. 403; Chilton v. White, 78 S. E. 1048; Southern I. & S.

Co. v. Stowers, 66 So. 677. (7) Such possession, under claim of right, as would entitle him to recover for such possession, must be distinct from others and exclusive. The testimony showed that others traveled the several roads through the woods. Brown v. Railway, 101 Mo. 484; Elevator Co. v. Suburban Ry. Co., 135 Mo. 353. (8) Plaintiff would not be entitled to a right-of-way by prescription, because the user, in order to gain such right, must confine his way to a definite and specified line or way. Through section 31, there were three roads covering a space of 150 feet, neither shown to be on the twenty-foot strip. He cannot change the location, or deviate from the way, without the consent of the servient estate: 9 Ruling Case Law, section 35, page 775; Gentleman v. Soule, 32 Ill. 271, 83 Am. Dec. 264; Madison Township v. Gallagher, 159 Ill. 105, 42 N. E. 316; Shellhouse v. State, 110 Ind. 509, 11 N. E. 484; Schroeder v. Onekama, 95 Mich. 25, 54 N. W. 642; Nelson v. Sneed, 76 Neb. 201, 107 N. W. 255; Lever v. People, 33 Col. 493, 81 Pac. 270; South Branch R. Co. v. Parker, 41 N. J. E. 489, 5 Atl. 641; Montgomery v. Somers, 50 Ore. 259, 90 Pac. 674; Olsen v. People, 56 Cal. 199, 138 Pac. 21; Sprague v. Stead, 56 Col. 538, 139 Pac. 544; Smith v. Nofsinger, 86 Neb. 834, 126 N. W. 659. (9) A road cannot be established by prescription or limitation while the land over which the road runs is unimproved and unoccupied, over which people may travel at their pleasure. Stacey v. Miller, 14 Mo. 478; Liever v. People, 33 Col. 493, 81 Pac. 270; Smith v. Smith, 34 Kans. 293, 8 Pac. 385; Shaffer v. Stull, 32 Neb. 94, 48 N. W. 882; Graham v. Hartnett, 10 Neb. 517, 7 N. W. 280; Ottawa v. Yentzer, 160 Ill. 509, 43 N. E. 601; Friel v. People, 35 Pac. 676. (10) The fact that the plaintiff and others traveled through the wooded and uncultivated land occasionally, and that there were wagon tracks covering the space of one hundred and fifty feet in width on the southern part of said track, and that they converged into the hollow in one track, crossing the branch at different places, would not be sufficient notice of possession of plaintiff to charge de-

fendant with plaintiff's claimed prescriptive right-of-way. O'Connell v. Chicago Ter. Ry. Co., 56 N. E. 357; Brusby Mound v. McClintock, 150 Ill. 129, 36 N. E. 976; Town of Bethel v. Prewitt, 215 Ill. 162, 74 N. E. 114; City of Chicago v. Galt, 224 Ill. 421, 79 N. E. 703; Schmidt v. Brown, 226 Ill. 590, 80 N. E. 1073; Watson v. Board of County Commrs., 80 Pac. 201. (11) Mr. Brooks is not liable for the trespass, if such there was, of Britt's employees. Fink v. Mo. Furnace Co., 82 Mo. 276; Knowlton v. Hoit, 67 N. H. 155, 30 Atl. 346; East St. Louis v. Giblin, 3 Ill. App. 219; Carter v. Berlin Mills Co., 58 N. H. 52, 42 Am. Rep. 572; Manchester v. Warren, 67 N. H. 482, 32 Atl. 763; Moore v. Sanborn, 2 Mich. 519, 59 Am. Dec. 209; Easter v. Hall, 12 Wash. 160, 40 Pac. 728; Pierrepont v. Loveless, 72 N. Y. 211; Wright v. Holbrook, 52 N. H. 113, 13 Am. Rep. 12.

*Creech, Penn & Palmer* for respondent.

(1) This cause having been transferred to the circuit court from the justice's court on the statutory affidavit, denying plaintiff's title to the road, it only became necessary for plaintiff to show possession of the road alleged to have been trespassed upon, to recover damages, if any. (2) Witnesses who lived in the vicinity of the road, knew the location of the road, and were able to describe it, and knew that respondent was in the possession of the said road and using it for the only purpose for which he had purchased the same, namely, to haul his produce to Wright City, Mo., and that Wright City was his place of market and banking business, and that respondent claimed the road as his own, occupied it for the only purpose for which he had acquired it, and used it continuously, openly, visibly, notoriously and adversely as his road for egress and ingress from and to his farm, and from and to Wright City, to sell his produce and to buy his commodities, and do his banking business. (3) A private road may be acquired by the passing of a valuable consideration to the party owning

the land from the party desiring the road, and the fact that a consideration passed may be shown by parol evidence, and the making and delivery of a deed is not necessary to show title to the easement. Powers v. Dean, 112 Mo. App. 289; Graham v. Olson, 116 Mo. App. 278 to 280; Rice v. Wade, 131 Mo. App. 343; Grandstiff v. Bland, 166 Mo. App. 41. (4) Title to a private road may be gained by prescription, user for the statutory period of ten years, raising the presumption of a grant at the beginning of such use. Graham v. Olson, 116 Mo. App. 278. to 280; House v. Montgomery, 19 Mo. App. 170; Autenreith v. Railroad, 36 Mo. App. 254; Power v. Dean, 112 Mo. App. 289; Gerstner v. Payne, 160 Mo. App. 289. (5) Long use of a private road, even though it is not shown how the user began, whether by license or by grant, will raise a presumption of right to the road and entitle a person claiming such road to damages for an injury to same. Autenraith v. Railroad, 36 Mo. App. 254. (6) Parol evidence is admissible to show use and conditions and explain the meaning of words in a description of a private road. Geisman v. Trish, 163 Mo. App. 308. (7) Long use of a private road raises the presumption of rightful use and the burden shifts to the defendant to explain how the user began, and in the absence of explanation the presumption of rightful user becomes conclusive. Gerstner v. Payne, 160 Mo. App. 289. (8) Appellant is not an innocent purchaser for value without notice because at the time of his purchase of the land the road was cut out and in actual use and occupancy by respondent in both sections 30 and 31, the land purchased by Brooks lying at both section 30 and 31 and a recorded deed showing that respondent owned a roadway twenty feet wide, "beginning on Big Creek (which is in section 30) at the mouth of Wolf Pen Hollow," and Big Creek not touching any land in section 31, at any point, would be, at least, sufficient notice to put appellant on his inquiry, and bar his claim as to being an innocent purchaser for value without notice. (9) The nature of the work and the calling and competency of the servant must

be shown before the court can declare one an independent contractor, and the mere fact that the work engaged in was done by the job or piece does not make one an independent contractor. Cooley on Torts, (2 Ed.), pages 643 to 647; 26 Cyc., page 1543, (note); O'Neill v. Blase, 94 Mo. App. 656; Mullich v. Brocker, 119 Mo. App. 332; Knicely v. Railroad, 17 L. R. A. (N. S.) 370; Cochran v. Rice, Ann. Cas. 1913B 570. (10) Where the doing of an act casts a duty as to the method of performance, even though the person doing the work is an independent contractor, the principal is not relieved of his liability for a breach of the duty by the independent contractor. 38 Cyc., page 480; 26 Cyc., page 1547; Gerhardt v. Bank, 38 Mo. 60; Williamson v. Fisher, 50 Mo. 200; Crenshaw v. Ullman, 113 Mo. 641; Walters v. Hamilton, 75 Mo. App. 244; Benjamin v. Railroad, 133 Mo. 285 to 286.

BARNES, C.—This action was begun in 1913 before a Justice of the Peace of Lincoln County, for damages for trespass upon a roadway "beginning at a point at Big Creek at the mouth of Wolf Pen Hollow and running in a southeasterly direction up said hollow for a distance of about one-half mile; thence east up the hill for about one-fourth mile, thence south to the line running north and south between the lands of Robert Schroeder and Norman Wernex, thence south along said line between said lands of Robert Schroeder and Herman Wernex as near as practicable for the purpose of locating a road, the same to be twenty feet wide for the entire distance as above described, and all being situate in sections 30 and 31, township 48, range 1 west, in Lincoln County, Missouri." Defendant appeared therein and filed an affidavit averring that the title to real estate was involved, and the cause was thereupon ordered to be certified up to the circuit court of Lincoln County, which was accordingly done, and upon the trial in that court, judgment for one dollar was awarded to plaintiff, from which an apeal was taken to the Supreme Court, basing the jurisdiction of that court solely upon the allegation

that title to real estate was involved therein, within the purview of section 12, article 6, Constitution of Missouri; but, it being determined that that court did not have jurisdiction, the cause was transferred to this court. [Schroer v. Brooks, 200 S. W. (Mo.) 1068.] The cause was tried before the court without the intervention of a jury; defendant demurred to plaintiff's evidence and in this court challenges the sufficiency of the evidence as purporting each and every element of a prescriptive right-of-way and the inadmissibility in evidence of the deed hereinafter referred to, and that the defendant is not liable for the trespass because committed by an independent contractor.

In compliance with the time honored rule, that in reviewing a demurrer to the evidence, plaintiff should enjoy the most favorable view of his case that the evidence warrants and of every reasonable inference therefrom, we find the evidence substantially shows the following state of facts: Charles A. Schroeder by deed dated October 10, 1870, acknowledged October 10, 1877, and recorded November 30, 1877, conveyed to Robert E. Schroeder "all of lot 1, northwest quarter containing 80 acres in section 31; lot 1 southwest quarter section 30, containing 80 acres, and the northwest quarter of the northeast quarter of section 31 and the southwest quarter of the southeast quarter of section 30, (and other lands) all in township 48 of range 1 west" in Lincoln County. By general warranty deed dated Nov. 25th, acknowledged November 30th, and recorded December 16, 1895, Robert E. Schroeder and wife undertook to convey to Herman Schroer the roadway, by a description identical with that of plaintiff's statement, except that *Section* 30 is not mentioned in the deed. By deed dated and acknowledged October 30, 1906, and recorded November 1, 1906, Robert E. Schroeder conveyed, "subject to all existing streets and alleys, public roads and highways," the lands acquired from Charles A. Schroeder to J. B. Erhardt. In July, 1907, Erhardt conveyed to John A. Zellers, and in October, 1910, Zellers, conveyed to Ar-

lington. R. Brooks of St. Louis, said two hundred and forty acre tract, without any reference in either of said. conveyances to any streets, alleys, roads or highways.

Plaintiff appears to have owned the west half of the southwest quarter of section 30, his house being located thereon on the north side of Big Creek, which appears to run almost easterly at the center of the southwest quarter of section 30, and Wolf Pen Hollow empties into Big Creek just to the right of the center of said southwest quarter. Plaintiff had other outlet to his land; but transacted his business at Wright City, at which .point he banked, traded and marketed and in doing so traversed the route mentioned in his statement once or twice a week and sometimes every day, during the thirty year period prior to the institution of the suit in going from his house to the public road leading to Wright City, Charles and Robert Schroeder accompanied plaintiff "all the way through" as Robert showed plaintiff the location of the road, and they marked it out; deed was made and plaintiff paid a dollar an acre, $6, all that was asked, to his grantor, cut out the road in section 31, and for last eighteen years worked the road from Wolf Pen Hollow to Gulky land, and claimed it as his own. The mouth of Wolf Pen Hollow is some hundred feet wide, at which place there are three forks of the roadway, the middle one being the one used by plaintiff the greater portion of the time, and claimed by him, although he occasionally used one of the others. The particular tract of land over which the route used by plaintiff lay was not fenced, although other lands in the neighborhood were; adjacent lands were occupied, and a part of the Brooks farm had at one time been fenced.

The evidence pertaining to the trespass is, that of Sam Britts, colored, who testified that he was cutting some timber on the Brooks land close to Schroer's near the roadway on the Brooks land; that he was in charge and employed one of his boys and his nephew, and that he, Britts, was employed by Brooks; that the boys cut trees across the road "they cut out," which were being cut for Mr. Brooks. Britts was clearing and the boys cutting logs and that whatever brush or timber that was cut by him and the boys was for Mr. Brooks and that whatever timber might have fallen in the road was cut by him and the boys for Brooks. Upon cross-examination Britts further testified that he had an arrangement with Brooks to give him so much per hundred feet for logs for going there and cutting timber on his land; that he was told to cut logs anywhere on the land and that he had the right to go and cut the logs where he pleased, using his own judgment; that he hired the boys himself; paid them himself and that Brooks had nothing to do with paying the boys or hiring them, but employed him and paid him when he finished the job. That Brooks told him to cut what would make good saw logs. The boys cleaned up everything after cutting down the trees; that they did not leave any obstruction to interfere with Schroer getting over the road. The trees cut would measure twelve or fourteen inches through; that he was notified by Mr. Schroer about the road being blocked and went with the boys and cleaned it up; that he never had any conversation with Mr. Brooks relative to the road; that the tree that was cut across the road was near the creek, and on recross-examination he further testified that he was to be paid so much a thousand feet or so much a tie; hired his own hands; that Brooks had no right to tell him what to cut but that it was left to him, Britts, to cut so much as in his judgment was good for saw logs; that he employed his own help; selected his own timber, and that Brooks did not direct him to cut any particular trees or logs, but merely to cut what would make good

saw logs; that he had no talk with Brooks relative to the road before or since the institution of the suit. The plaintiff told the son and nephew of Britts while they were cutting timber he would like to have them keep the road open and they said "the boss told them to cut where-ever they pleased;" defendant was in St. Louis.

When the deed from Robert E. Schroeder to Herman Schroer was introduced in evidence, defendant objected to its admission for the reason that the description therein contained is inadequate and uncertain; the deed void for that reason, and that the effort to describe the land, shown to be conveyed by the deed, was all placed in section 31, and objected that the proof did not correspond with the allegations, to which counsel for plaintiff responded, "We are not insisting really on this deed to prove our right to this land in question, we merely offer the deed to show there was a consideration paid, and if there is any indefiniteness in the way of description, we offer to supply it by parol testimony."

Respondent has put us in mind of section 7461, Revised Statutes of Mo., 1909, that on the trial in the circuit court of an action of trespass removed from the justice court, as in this case, the plaintiff will only be required to prove himself entitled to or in possession of the premises on which the trespass is alleged to have been committed, so far as the defense of the want of title is concerned. Now, a statement in a justice court is not required to be drawn with that technical precision which might be requisite in the circuit court, yet it must be precise enough to apprise defendant of the cause of action and bar another action. [Tha. v. Railway, 45 Mo. 469; Butts v. Phelps, 79 Mo. 302; Lin v. Railway, 10 Mo. App. 125; McCrary v. Good, 74 Mo. App. 425; Darnell v. Lafferty, 113 Mo. App. 282, 88 S. W. 784; Hall v. Railway, 124 Mo. App. 661, 668, 101 S. W. 1137; Dalton v. Railway, 134 Mo. App. 392, 395 114 S. W. 561.]

The statement in this case followed exactly the description in the deed, its sufficiency was never challenged, but on the contrary was so definite as to cause defendant

to believe title to his real estate to be involved, nor was the sufficiency of the statement attacked in the circuit court when it was amended by inserting *section* 30 therein. The plaintiff was permitted to testify that he had paid to Robert E. Schroeder $6 for the lands corresponding to the description in his statement, so that the admission of the deed in evidence did not constitute reversible error on that score; we think, however, that the deed was admissible in evidence, even though insufficient to operate as a conveyance of the fee to the roadway, for the reason that it fixed the date of the payment of the $6 and the time from which plaintiff claimed the use of the roadway as a matter of right, and that in view of the road having been marked out by Robert E. Schroeder, prior to the conveyance, and the conveyance intending to convey the roadway so marked, it was proper to introduce same in evidence, together with the testimony with reference to the intended grant. There was some evidence tending to show that a portion of the roadway in section 30 had been used by the general public, but in light of the testimony offered on the part of plaintiff, we are bound by the finding of the trial court that the use of the roadway by plaintiff was private, and that a public road was not established and even though the deed were void, it could and did constitute the basis of plaintiff's claim of the use of the roadway as a matter of right. The objection to this deed was based altogether upon the theory that an easement lies only in grant. Such was the fiction of the common law, and where the easement had been enjoyed for a sufficient length of time, a grant of that easement was presumed, but a prescriptive right does not rest exclusively in grant, it may be established in the same way as title to land, that is, by adverse possession under a claim of right uninterrupted for ten years. The deed was sufficient to show the intent of the plaintiff to claim from Wolf Pen Hollow, southeasterly, etc., and the ten year Statute ran against the grantor in that deed. [Power v. Dean, 112 Mo. App. 288, 86 S. W. 1100; Sanford v. Kern, 223 Mo. 616, 122 S. W. 1051; Novinger v.

Shoop, 201 S. W. 64; Bannon v. Angier, 84 Mass. (2 Allen) 128; Crocker v. Crocker, 5 Hun. 587; Warner v. Railroad, 39 Ohio St. 70.]

It is contended that plaintiff's possession was not exclusive, because others used the same road; but plaintiff's right of user was not effected by a like right, if any, in others. [Schmidt v. Brown, 226 Ill. 590; 14 Cyc., p. 1156, note 22; Sanford v. Kern, 223 Mo. 628, 122 S. W. 1051.]

It is further contended that an easement by prescription could not be obtained against defendant, for the reason that the lands through which the easement runs were unfenced. We are of the opinion, after careful review of authorities cited by appellant, as well as others, that this point is not well taken. A valid consideration had been paid for the roadway marked out by the grantor; adverse possession as a roadway maintained for the statutory period, under a claim of right, and because the rule that an easement by prescription cannot be acquired over unfenced lands is made to depend upon the fact that such lands are a part of the vast reaches or stretches of undeveloped, unoccupied territory such as prairies and forests, so vast in extent, that user rarely if ever is brought to the actual notice of the record owner, and consequently no presumption of notice of user for ever so long would arise therefrom. In the instant case, the lands over which the easement is claimed by plaintiff are located in a well settled county, and form no part of an extensive unimproved, uninhabited area.

Addressing ourselves now to the point whether or not Sam Britts was an independent contractor, and that the defendant would thereby be absolved from all liability for the trespass, if any, occasioned by Britts' son or nephew having cut a tree, and permitting it to fall on the route over which the easement is claimed by plaintiff, we are of the opinion that while there are no hard and fast definitions of independent contractor, and there is no absolute rule by which it can be determined, when one is and is not an independent contractor, each case

resting upon its own peculiar state of facts, and giving to the plaintiff every reasonable inference that can be drawn from the testimony, that nevertheless, Britts was an independent contractor, and that the relation of master and servant did not obtain between the defendant and Britts. Britts was to be paid so much a thousand for the cutting of the saw logs, or ties; he was to select the timber; determine his own hours of labor; use such appliances as he saw fit; employed, and paid out of his own pocket his son and nephew, to assist in cutting the logs and ties; he was not under the direction from the defendant, nor was any control shown to have been retained by defendant over him. No moneys were to be paid except as the result of the cutting of logs and ties, either many or none at all, depending absolutely upon the independent determination of Britts. Had the defendant sought to terminate the cutting the logs and ties, he would not have discharged Britts from his employ, he would merely have terminated the contract, which was reciprocal, in that Britts could likewise terminate the contract at any time. Nor do we believe that it can be said that the mere fact that the nature of the labor to be performed by Britts under his agreement with defendant, belongs to that class particularly denominated "common" or "hard labor," in and of itself precludes it being the subject of independent contract, and we are neither disposed, nor will we hold such to be the fact; but, on the contrary, if any added dignity or importance attaches to labor when performed as independent contractor, instead of as servant, that it attaches as readily to common as to skilled labor. [Fink v. Missouri Furnace Company, 82 Mo. 276; Carter v. Berlin Mills Co., 58 New Hampshire, 52; Moore v. Sanborn, 2 Mich. 519.]

Respondent contends that doing this work casts a burden on defendant not to injure plaintiff's roadway; that he owed plaintiff the duty, not being himself in possession of the road, to direct and instruct his servant not to injure the road, notwithstanding the court should find Britts an independent contractor, yet if he trespassed

upon the lands of the plaintiff, defendant is still liable
for the damage done.    A position we do not consider
well taken.    In the first place the land over which the
private roadway runs belongs to the defendant, who has
all the rights and benefits of ownership or dominion over
it consistent with the easement. The easement was acquir-
ed by prescription, and the proof of its acquisition left but
one inference with reference to its enjoyment, namely, its
use by plaintiff was not exclusive nor was it necessary
that it be exclusive in order for plaintiff to reasonably en-
joy it. Defendant as owner of the fee subject to such ease-
ment had the right to cut and remove, within a reason-
able time, the timber from the roadway itself, as well as
from along the sides thereof.    And what would be a
reasonable time, within which to remove timber so cut,
would be measured in part by the nature and extent of
plaintiffs use of the roadway.    [Campbell v. Kuhlmann,
39 Mo. App. 628; Smith v. Langewell, 140 Mass. 205;
Perley v. Chandler, 6 Mass. 454; Adam v. Emerson, 6
Pick. 57; Greenmount Cemetery Co.'s Appeal (Pa.),
4 Alt. 528; Moffit v. Lytle, 165 Pa. St. 173.] Defendant
may make any use of his land not calculated to interfere
with the exercise of the easement.    [Rice v. Ford, 120
S. W. (Ky.) 288; Smith v. Rowland, 243 Pa. 306, 90 Alt.
183; Chandler v. Goodridge, 23 Me., 78; Harvey v. Crane,
85 Mich. 316, 12 L. R. A. 601; Pomeroy v. Salt Co., 37
Ohio St. 520; Abney v. Twombly, 39 R. I. 304.]

In the second place, if in cutting the timber it neces-
sarily fell on the roadway or could have been cut in such
manner as not to fall thereon is immaterial, the more
expeditious method was open to him, and the cutting of
the timber did not interfere with plaintiff's reasonable
enjoyment of the roadway; it was leaving the cut timber
or brush in the roadway an unnecessary length of time
that might interfere with plaintiff's easement.    It would
then amount to either a nuisance or negligence.    If the
former, plaintiff has mistaken his remedy; if the latter,
it was negligence in the manner of doing the work, and
defendant should be exhonerated because it was the negli-

gence of an independent contractor. The doing of the work by the independent contractor did not necessarily involve a trespass. [Young v. Fosburg Lumber Co., 147 N. C. 26, 16 L. R. A. (N. S.) 255; 14 Ruling Case Law, p. 89; 1 Shearman & Redfield on Negligence (6 Ed.), sec. 173; Carson v. Blodgett Constrction Co., 189 Mo. App. 120, 174 S. W. 447; Salmon v. Kansas City, 241 Mo. 14, 42, 145 S. W. 16.]

An opinion was filed herein January 6, 1920, a rehearing granted, and the cause reargued May 11, 1920. It was then urged that the learned trial judge was not bound to believe the testimony of witness Britt, and was not bound thereby. It is true that one is not absolutely bound by the testimony of a witness called by him. But here the testimony of plaintiff's witness Britt, is the only evidence adduced concerning the relationship between defendant and the witness, as well as between the defendant and the witness' employees, who actually cut the timber and brush. The rule in such situation is well stated by LAMM, J., in Rodan v. St. Louis Transit Co., 207 Mo. 392, 408, as follows:

"If A put B on the stand and prove by him a certain state of facts, this does not preclude A from putting C, D or E on the stand and proving a different state of facts; but if A puts B on the stand as his only witness to prove a fact, and does prove it, then he is precluded from impeaching B, or from otherwise inviting the jury to disregard B's testimony. He may not avoid his dilemma in that way."

In view of the above and foregoing the Commissioner recommends that the judgment of the trial court be reversed.

PER CURIAM:—The foregoing opinion of BARNES, C., is adopted as the opinion of the court. The judgment of the circuit court is, accordingly reversed. *Reynolds, P. J., Allen* and *Becker, JJ.,* concur.