**GEORGE KROPP & ASSOCIATES, INC., Plaintiff-Appellant,**

v.

**William SCHNEIDER, Defendant-Respondent.**

**No. 31191.**

St. Louis Court of Appeals.

Missouri.

Dec. 18, 1962.

Motion to Quash and Set Aside Opinion and for Rehearing or to Transfer to Supreme Court Denied Jan. 14, 1963.

Wyne & Delworth, William H. Wyne, Jr., Clayton, for plaintiff-appellant.

Gragg, Aubuchon & Walsh, and William R. Schneider, St. Louis, for defendant-respondent.

DOERNER, Commissioner.

Plaintiff appeals from a judgment dismissing its cause of action with prejudice.

The suit originated in the magistrate court of St. Louis County by the filing of a petition in which the plaintiff alleged that

it was a Missouri Corporation, engaged in the business of engineering, land development, surveying, platting and other services in connection therewith; that "on or about the month of July, 1959, * * *" at the request of the defendant and his agents and servants, plaintiff performed services in connection with defendant's described property; that " * * * Such services included, but are not limited to preparation of preliminary plan for subdivision, surveying for final plat, preparing final plat, presentation of plat for approval, preparing sewer plans and Metropolitan St. Louis Sewer District approval for which services defendant and his agents and servants agreed to pay"; that "the reasonable cost of said services amount to Five Hundred Dollars ($500.00)"; and that plaintiff completed said services on or before February 9, 1960, and on said date made a demand for payment, but defendant failed and refused to pay. The prayer was for judgment for $500, together with interest from February 9, 1960, and costs. Defendant filed an answer in the nature of a general denial. After a trial to the court, judgment was rendered in favor of plaintiff for $300, and defendant thereupon appealed to the Circuit Court.

About two and a half months after the case reached the Circuit Court defendant was granted leave to withdraw its answer and to file a motion for a more definite statement. In his motion, among other specifications, defendant asked that the plaintiff be required to make its petition more definite and certain " * * * (1) by requiring plaintiff to state whether the contract for services allegedly made between the plaintiff and defendant referred to in paragraph two of plaintiff's petition was oral or in writing, (2) by requiring plaintiff to state with more definiteness or furnish a bill of particulars in the nature of an account that will specify: (a) The specific services claimed to have been rendered by the plaintiff. (b) The dates the same are claimed to have been performed." Defendant's motion was argued and submitted, and was sustained by the court on August 16, 1961. Plaintiff elected to stand upon its petition, failed to obey the court's order, and defendant filed a motion praying that the court dismiss plaintiff's cause of action, with prejudice, because of such refusal. Defendant's motion was argued, submitted, and sustained, and on January 11, 1961, judgment was entered dismissing plaintiff's cause of action with prejudice, at plaintiff's costs. This appeal followed.

Plaintiff's line of argument here is that the court erred and exceeded its jurisdiction in dismissing plaintiff's cause of action because, first, this being an appeal from a magistrate court the jurisdiction of the Circuit Court was not original but derivative; second, the sufficiency of plaintiff's petition was determinable by the rules applicable to pleadings in magistrate courts; and third, its petition was sufficient when measured by such rules. We agree with the first proposition, Joyce v. Central Surety & Insurance Corp., Mo.App., 321 S.W.2d 272; Newman et al. v. Weinstein et al., 230 Mo.App. 794, 75 S.W.2d 871; as well as with the second, Wood v. John Hancock Mutual Life Insurance Co., Mo.App., 241 S.W.2d 802; Butler v. Missouri Insurance Co., Mo.App., 187 S.W.2d 56. But we do not agree with the third.

Pleadings in the magistrate courts are governed by Section 517.050 RSMo 1959, V.A.M.S., which contains the familiar rule that " * * * No formal pleadings upon the part of either plaintiff or defendant shall be required  * * *." However, the same statute provides that before any process shall issue the plaintiff shall file " * * * a statement * * * of facts constituting the claim upon which the suit is founded * * *"; and it is further required that "If the suit is founded on an account, a bill of items of the account shall be filed; in all other cases, a statement of facts constituting the claim * * * shall be filed * * *." Thus while a plaintiff need not file a formal petition, or comply with the technical rules of pleading, it

is apparent from these provisions that he is required to file a sufficient statement of facts. The statement must be "* * * precise enough to apprise defendant of the cause of action and bar another action," Schroer v. Brooks, 204 Mo.App. 567, 568, 224 S.W. 53, 56, and sufficiently definite to "* * * advise the opposite side what is claimed." Usona Mfg. Co. v. Shubert-Christy Corp., Mo.App., 132 S.W.2d 1101, 1103. It is significant that with the creation of magistrate courts the section was amended to provide that "* * * none of such suits, where the amount involved is one hundred dollars or less, shall be dismissed or discontinued for want of any such statement or cause of action, or for any defect or insufficiency thereof, if the plaintiff shall file the instrument or account, or a sufficient statement, before the trial is commenced, or when required by the magistrate." Laws 1945, p. 774, Section 19.

▉ In the instant case, while plaintiff enumerated *some* of the services which it claimed it had rendered it is apparent from its petition that it did not name *all,* for it alleged that "Such services included, but are not limited to * * *" those specified. Thus even when measured by Section 517.050 the petition was not a complete "* * * * statement * * * of facts constituting the claim * * *." Defendant was entitled to know all of the services which plaintiff claimed it had rendered, and the proper method to obtain such information was by a motion for a more definite statement. Midwest Insurance Corporation v. Schroeder, Mo.App., 185 S.W.2d 660; Walters v. Niederstadt, Mo.App., 194 S.W. 514; Barton Lumber Co. v. Gibson, 178 Mo. App. 699, 161 S.W. 357. The court did not err nor did it exceed its jurisdiction in sustaining defendant's motion for a more definite statement. It would have been a relatively easy matter for the plaintiff to have supplied the information sought, either by amending its petition or by filing a bill of particulars. When plaintiff, for reasons best known to it, elected to refuse to obey the court's order, the court was authorized

to dismiss plaintiff's cause of action, with prejudice. Civil Rule 55.34 V.A.M.R. See Burke v. City of St. Louis, Mo., 349 S.W.2d 930.

For the reasons stated the Commissioner recommends that the judgment be affirmed.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

Accordingly, judgment is affirmed.

WOLFE, Acting P. J., and JACK P. PRITCHARD and J. MORGAN DONELSON, Special Judges, concur.