*Brown, Fox,* for appellants.

*James, Speed,* for appellees.

---

CATHARINE DOAK, ETC., *v.* S. H. WAKEFIELD.

**Nuisance—Obstruction of Public Highway—Individual cannot Recover—Special Injury.**
   A public nuisance is not the subject of a suit by a private individual unless he has sustained some special injury thereby. The obstruction of a public highway is a nuisance common to all who use it.

APPEAL FROM SHELBY CIRCUIT COURT.

December 17, 1870.

OPINION BY JUDGE PETERS:

This suit was brought in the court below by Catharine Doak, P. B. Doak and Richard Ross against S. H. Wakefield to enjoin him from closing and obstructing the use of a public highway, as they allege, dedicated to the public by the former owners of

the land over which it passes and which has been used as such for more than thirty years, and for general relief; a temporary injunction was granted, but on final hearing the injunction was dissolved and their petition dismissed, from which judgment this appeal is prosecuted.

The appellants do not allege, nor have they shown that they have any other interest in this road than that which belongs to every other citizen in the community. It was said by this court in *Barr & Yeiser v. Stevens, etc.*, 1 *Bibb.* 292: Upon general principles that common interest which belongs equally to all, and in which the parties suing have no special or peculiar property, cannot maintain a suit. Thus a public nuisance is not the subject of a suit by a private individual, unless he has sustained some special injury thereby.

As if a man fell trees in a public highway whereby it is stopped up to the annoyance of passengers it is a public nuisance common to all, for which at the common law he might be prosecuted by the commonwealth and punished. But a suit against him could not be maintained by a private individual who had only sustained the injury common to all, who were turned out of the way.

But if in attempting to ride over the trees felled in the road an individual's horse should be thrown, whereby either himself or his horse is wounded, he may maintain an action for this special damage.

The reason why he cannot maintain the action without special damage is that if one can, all might, which would b eruinous.

In view of this authority, which hase been recognized in subsequent cases by this court, this action cannot be maintained and the petition was properly dismissed.

If as contended for this is a public highway dedicated to the public use (a question about which we express no opinion), the remedy for its obstruction is by a different proceeding.

Judgment affirmed.

*Bullock & Davis, Tyler, for appellants.*

*Z. Wheat, for appellee.*