CASE 12—PETITION EQUITY—OCTOBER 24.

## Hansford v. Berry.

APPEAL FROM DAVEISS CIRCUIT COURT.

1. THE RIGHT TO A PASSWAY MAY BE CREATED BY PRESCRIPTION over woodland as well as over inclosed land. In either case the use of the way as a matter of right for the period of fifteen years perfects the right.

2. DISCONTINUANCE OF PASSWAY.—If the owner of land over which another has acquired a right of way by prescription wishes to inclose his land, he may apply to the county court to discontinue the right of way thus established and have another right of way opened for the benefit of the person who has acquired the right, and upon such an application the court will take into consideration the equities of all the parties, and act accordingly.

SWEENEY, ELLIS & SWEENEY FOR APPELLANT.

1. No presumption of a grant arises from the long continued use of a pass-

Hansford v. Berry.

way over uninclosed woodland. (Bowman v. Wickliffe, 15 B. M., 84; Hall v. McLeod, 2 Met., 101; Conyers v. Scott, 14 Ky. Law Rep., 784.)

O'Daniel v. O'Daniel, 88 Ky., 185, and Wickliffe v. Magruder, &c., 12 Ky. Law Rep., 24, distinguished.

2. The frequent changes in the passway not only tend to show that the use of the road was permissive, but they go to the very root of the claim asserted by appellee. Before he can successfully assert a right to the passway it is incumbent on him to show that it had a "fixed and determinate locality." (Bowman v. Wickliffe, 15 B. M., 99.)

3. The chancellor should at least have directed that the passway be so changed as to relieve appellant of the great inconvenience and damage that would result to his land by leaving the passway as at present located, as this could have been done, and appellee, at the same time, protected in the enjoyment of his right to an outlet to the public road.

H. M. HASKINS FOR APPELLEE.

The passway in question has been used by appellee and his vendors as a matter of right for more than fifty years, which is sufficient to perfect appellee's right to the use. (Washburne on Easements, 180, 181; 2 Met., 98; 4 Bush, 318; 6 Bush, 676; O'Daniel v. O'Daniel, 88 Ky., 185; Talbott v. Thorn, 91 Ky., 417; Bright v. Dunn, 12 Ky. Law Rep., 689.)

Bowman v. Wickliffe, 15 B. M., 84, distinguished.

CHIEF JUSTICE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant brought his action of trespass against the appellee for removing the fences on appellant's land. The appellee justified upon the ground that the fences removed obstructed his right of way, and that they were only removed to the extent of removing the obstruction. The appellee claims a right of passway over the appellant's woodland. The appellant denies the right of passway, and claims that the use of the passway was by his permission only. So the question is: Was the passway over the appellant's woodland by right or by permission only? The lower court decided that it was by right, and the appellant has appealed. There is no proof that the right to pass over the appellant's land was ever given by

Hansford v. Berry.

any court, but the right to the passway is claimed by
adverse use for more than fifty years. The case of Bow-
man v. Wickliffe, 15 B. Mon., 84, is relied on as sustain-
ing the position that no presumption arises in favor of
the adverse use of a passway over woodland, but that the
presumption is that the passage over woodland is by per-
mission of the owner. It will be seen from the Bowman
case that for many years there were several passways
over the owner's woodland; that they were changed from
time to time by the owner, and one or the other discon-
tinued as he cleared the land, and new ones opened, and
that no one claimed the passway as a matter of right, but
all claimed it by permission only. Under these circum-
stances the court held that there was no presumption of
adverse use, although such permission had continued for
many years; that in order to create a right of way by
prescription, it must be shown that it was claimed and
used as an adverse right for at least fifteen years, and as
long as it was used permissively no presumption of
adverse use could arise. In the case of O'Daniel v.
O'Daniel, 88 Ky., 185, it was held that the Bowman case,
*supra*, was unlike that case, because there the passway
had not only been practically upon the same ground for
many years, but the circumstances of the locality and
constant and necessary use made it evident that it had
been used adversely and under a claim of right. The
case of Conyers v. Scott, 94 Ky., 123, reviews the Bow-
man and O'Daniel cases and points out the distinction
very clearly. The case of Talbott v. Thorn, 91 Ky., 417,
does the same. The doctrine established by the three
cases *supra* is, that a right to a passway may be created
by prescription over woodland if continued the requisite

length of time. In such case the question is: Was the passway used as a matter of right for the period of fifteen years or more? If it was, and not in the manner indicated in the Bowman case, the right will be established over woodland as well as inclosed land.

Now let us see what the weight of the evidence establishes. It is, first, that the appellant has no other way to reach the Livermore public road, which leads to the county seat, than the way in controversy. Second, that it has been used for such purpose at least fifty years, and by the appellee at least twenty years. And third, that the passway has been all the time substantially at the same place, and all the time has had a well-defined road-bed. Fourth, that the way has been kept up by the appellee as his passway; that the changes in it are only such as resulted occasionally from the fall of a tree across the road-bed, or similar obstructions. These facts clearly create the presumption that the passway was used as a matter of right, and having been so used for fifteen years and more, the appellee's right to its continued use is established. If it be a fact that appellant wants to clear his ground and fence it up there is nothing in this opinion that precludes him from applying to the county court to discontinue the right of way established in this case, and have another right of way opened for the benefit of the appellee. In which case the court will take into consideration the equities of all parties, and act accordingly.

The judgment is affirmed.