CASE 31—ACTION BY GEORGE NOLAN AGAINST THE LOUISVILLE ATHLETIC CLUB TO ENJOIN A PRIZE FIGHT.—June 4, 1909.

## Louisville Athletic Club v. Nolan.

Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

SHACKELFORD MILLER, Judge.

Judgment for plaintiff, defendants appeal.—Reversed.

Nuisance — Public   Nuisance — Injunction.—A   private   citizen cannot maintain an action to enjoin a prize fight as a public nuisance unless he suffers some special injury.

O'NEAL & O'NEAL for Appellants.

The sole question in this case is whether or not under the evidence of the case the exhibition contemplated by appellants is a prize fight within the meaning of the law. The undisputed evidence is that the exhibition contemplated on the 18th day of December, 1908, was an amateur sparring exhibition between two young men of the City of Louisville, one a business man and one a physician. There was to be no stake or prize and no fight to

Louisville Athletic Club v. Nolan.

a finish. The exhibition was to be for a limited number of rounds and only before the members of appellant Corporation. The public was not invited and could not attend. No admission fee was to be charged to see said exhibition, which was to be merely a scientific exhibition without brutality or injury to either participant; there was to be no decision on the result and neither participant would profit or lose either by the result or by the contest itself. There was to be no betting or wagering done over the contest either by the participants or spectators. There were to be no gate receipts and the participants were not men who are engaged in the business of boxing or prizefighting.

### AUTHORITIES CITED.

Commonwealth v. McGovern, 75 S. W. 261; Section 1284, Section 1286, Section 1287, Section 1288, Kentucky Statutes; Am. & Eng. Ency. of Law, 2nd Ed. Vol. 23, page 124; State v. Olympia Club, 47 La. Ann. 1095; People v. Taylor, 96 Mich. 576; Commonwealth v. Collberg, 119 Mass. 350; State v. Moore, 5 Ohio Dec. 689; State v. Purtell, 56 Kan. 479; Sullivan v. State. 76 Miss. 346; In Re Athletic Club, 5th Ohio, Dec. 796; Seville v. State, 49 O. St. 117; Am. & Eng. Ency. of Law, 2nd Ed. Vol. 23, page 105, 106, 116 Kentucky Reports, page 212, 225.

GREENE & TILFORD for Appellee.

### POINTS AND AUTHORITIES.

1.   A prize-fight being a crime, is a nuisance.

2.   The use of a building for the maintaining of prize-fighting is a nuisance.

3.   Being a nuisance it can be enjoined at the suit of the Commonwealth on relation of the attorney general, or by any private citizen who sustains peculiar and irreparable injury thereby, over and above that sustained by the general public.

4.   The fact that the reward received by the contestants is to be equally divided and that gloves are to be used and that the number of rounds to be fought, limited, does not make the contest any less a prize fight. Kentucky Statutes, Sec. 1284 to 1288 inclusive; Commonwealth v. McGovern, 75 S. W. 261; State v. Purtell, 56 Kan. 479; State v. Hobart, 11 Ohio Dec. 166; Seville v. State, 59 Ohio State 117, American and English Encyclopaedia of Law, Second Edition, Volume 23, Page 106.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

George Nolan brought this suit against the Louisville Athletic Club and James Norton. He alleged in his petition that Norton is the owner of a building in Louisville on the north side of Broadway between Eighth and Ninth streets; that he resides on Broadway between Seventh and Eighth streets, about a square from the Norton building, and on the same side of the street; that Norton has leased to the Louisville Athletic Club a hall on the third floor of his building for the purpose of its holding there a series of prize fights, the first to be held on December 18, 1908; that the prize fights will be brutal and demoralizing, corrupting the morals and disturbing the peace of the neighborhood; that crowds will be congregated in and about the building and a large number of disorderly persons who will be noisy and vicious, emitting loud cries during the progress of the fight; that, by reason of the proximity of his property, he and his family will be brought into contact with a large number of disorderly persons, and disturbed by the noises from the building; that thereby the peace and happiness of his home will be destroyed, his rest at night disturbed, and the value of his property decreased. An answer was filed putting in issue the allegations of the petition, proof was taken, a temporary injunction was granted, and this on final hearing was perpetuated. The athletic club and Norton appeal.

The case has been briefed entirely upon the question whether the contests which the athletic club proposes to give will be prize fights under the statute. But there is another question in the case which must be determined before we reach that question. It will be observed that the injunction is aimed at an anticipated nuisance. At the time the petition was filed no

prize fight had come off, no crowd had gathered, and no noise had been made. Ordinarily the chancellor will not grant an injunction to restrain an anticipated nuisance unless the proof shows that substantial injury will be done the plaintiff if the injunction is not granted. Nolan is the only witness who is introduced on the question. He testifies that prize fights are brutal and demoralizing; that a good many disreputable people attend them, and are very noisy sometimes. Being asked what effect the prize fights held there would have upon his family and the enjoyment of his home he says: "A. They would have no effect—only the crowd going there and coming back, inclined to be, some disreputable characters raising a noise, and I don't know what other trouble. I only know there is a great many disreputable people. We don't know what trouble they might cause. They create a good deal of noise. Q. As I understand it, you live on the same side of the street as this building is on? A. Yes, sir. Q. Within a square? A. Yes, sir. Q. How many brothers in your family? A. Three. Q. And your mother lives there with you? A. Yes, sir. Q. Do you consider that you would be injured by the holding of this prize fight? A. I believe I would. Q. And you object, do you? A. Yes, sir." This is the only evidence to show that Nolan will be injured in any way by the proposed prize fight. It is insufficient to warrant an injunction. Although the prize fight may be a public nuisance, still a private citizen cannot maintain an action to enjoin it unless he suffers some special injury. It does not appear that the value of Nolan's property will be in any way depreciated, or that the peace or quiet of his home will be disturbed. The persons who attend the prize fight may not pass his house, and whether or not a sufficient noise will be made to dis-

turb anybody at his house is wholly a matter of conjecture. We held in Commonwealth v. McGovern, 116 Ky. 212; 75 S. W. 261; 25 R. 411; 66 L. R. A. 280, that the state may maintain a petition in equity to enjoin a prize fight; but a private citizen cannot do so unless he suffers some special injury therefrom.

Judgment reversed and cause remanded for a judgment dismissing the petition.