## CITY OF MUSKOGEE *et al.* v. IRVIN *et al.*

No. 5467.   Opinion Filed December 22, 1914.

(145 Pac. 415.)

1. MUNICIPAL CORPORATIONS—Assessment for Public Improvements—Validity. Assessment held to be void upon the authority of Sharum v. City of Muskogee, 43 Okla. 22, 141 Pac. 22.

2. APPEAL AND ERROR—Presentation Below—Motion for New Trial—Findings of Fact. To secure a review of the evidence upon which the special findings of fact of a court are predicated, a motion for a new trial must be filed in the trial court, and except for the cause of newly discovered evidence, must be at the term the findings are filed, and, unless unavoidably prevented, within three days thereafter.

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County;*
*Alvin F. Molony, Judge.*

Suit by William S. Irvin and others against the City of Muskogee and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

*S. V. O'Hare, James C. Davis,* and *Clark J. Tisdel,* for plaintiffs in error.

*William Neff* and *L. E. Neff,* for defendants in error.

KANE, C. J. This was a suit in equity, commenced by the defendants in error, plaintiffs below, against the plaintiffs in error, defendants below, pursuant to section 644, Rev. Laws 1910, to enjoin the enforcement of a special assessment levied against their property in payment for paving certain streets situated in street improvement district No. 122 in the city of Muskogee. The cause was tried before Alvin F. Molony, Esq., who was appointed special judge for the trial thereof, who, after making very full special findings of fact and conclusions of law, entered a decree granting the plaintiffs the full relief prayed for. To reverse this decree this proceeding in error was commenced.

An examination of the record discloses that the assessment herein involved is the same assessment involved in the case of *Sharum v. City of Muskogee et al.,* 141 Pac. 22, recently decided by this court. In that case the assessment was held to be void, and it was further held that:

"A property owner is entitled to relief in a court of equity against an assessment for public improvements, void for the reason that the assessment sought to be enforced is made up of different items or elements all blended together, some of which are illegal and others legal, when such suit is commenced not more than 60 days after the passage of the ordinance making such assessment, as provided by section 644, Rev. Laws 1910."

It is true that the facts relied upon to constitute an estoppel in pais in the case at bar and the Sharum case are somewhat different, however we may concede that the case is dis-

tinguishable from *Morrow v. Asphalt Paving Co.*, 27 Okla. 247, 111 Pac. 198, and yet, as the court found that "this suit was brought within 60 days after the passage of the void assessing ordinance, and that practically no work was done by said contractors under the contract made pursuant to said ordinance and the date of the commencement of this suit," the question of estoppel is not available to the defendants, for the reason that no motion for a new trial was filed until the time required by law for filing such motion had expired.

That a motion for a new trial is required in a court case, the same as in a jury case, before a review of the facts may be had seems to be well settled. *Johnson Abstract & Loan Co. v. Swarts*, 31 Okla. 284, 121 Pac. 1077; *Campbell v. Lane*, 31 Okla. 757, 123 Pac. 1061; *Ortman v. Giles*, 9 Kan. 324.

Section 5033, Rev. Laws 1910, provides that:

"A new trial is a re-examination in the same court, of an issue of fact, after a verdict by a jury, the approval of the report of a referee, or a decision by the court. * * *"

And section 5035, *Id.*, provides:

"The application for a new trial must be made at the term the verdict, report or decision is rendered, and, except for the cause of newly-discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, or impossibility of making a case-made, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

In *First Nat. Bank of Shawnee v. Oklahoma Nat. Bank*, 29 Okla. 411, 118 Pac. 574, this court held that the word "decision," as used in the foregoing statutes, does not mean the judgment rendered, but the conclusion on the facts which must precede the judgment, and further held that:

"To secure a review of the evidence taken on a trial before a referee, a motion for a new trial must be filed in the trial court,

and, except for the cause of newly discovered evidence, must be at the term the report is filed, and, unless unavoidly prevented, within three days thereafter.  *  *  *"

And further that:

"The findings of fact of a referee, where not challenged within a proper time and manner, become final, and exceptions to a judgment rendered thereon are of law, and not fact, and cannot be raised on a motion for a new trial."

If the findings of a referee on a question of fact constitute the "decision," within the meaning of the foregoing statute, it seems to us that it inevitably follows that the special findings of fact of a court must also be held to be its "decision" on the question of fact involved, and that, if such findings are not challenged within the time prescribed by statute, they become final.

For the reason stated, the judgment of the court below must be affirmed.

All the Justices concur.