## Terry et al. v. Boston et al.

(Decided Nov. 29, 1932.)

E. C. TERRY for appellants.

L. R. NUNN for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This is a passway case. The action was commenced by Victoria C. Terry and her husband, Spillman Terry, who alleged that they owned and resided upon an improved farm which had "certain appurtenances and easement rights attached to and belonging to it at the time they acquired it," and which they had enjoyed without interruption for more than fifteen years. They and their predecessors in title had claimed and used the passway for more than thirty years. It was charged that the defendants who owned the land over which the passway ran were setting up a claim to the roadway and asserting a right to close it. It was further charged that the defendants had obstructed and closed the way and were threatening to deprive plaintiffs of the use thereof.

The answer of the defendants denied the allegations of the petition, and alleged affirmatively that the lands owned by them were valuable for farming purposes when fenced and put in cultivation, but that they had been wild and uninclosed for years and people traveled thereon at will. It was stated that no well-defined road or passway existed, and, when they came to fence up their fields and clear the lands, they cleared and opened a direct and proper passway for the use of themselves and others who desired to use it. It was further averred that the plaintiffs had tacitly consented to the alteration made in the passway. The testimony tended to sustain the allegations of the answer. Indeed, the appellants each admitted that the new road was open and available, but insisted that it was not as good a road as the old one, which had been worn down a foot or more into the soil.

It will be seen that the issue between the parties

did not involve the existence of the passway, but merely the right of the owners of the land over which it passed to change its location. No drastic change was made, but a mere convenient variation was adopted. The new road paralleled the old one, and was no great distance from it at any point. Slight deviations from the established easement are to be expected, and do not affect the rights of either party. Hansford v. Berry, 95 Ky. 56, 57, 23 S. W. 665; Anderson v. Southworth (Ky.) 76 S. W. 391, 25 Ky. Law Rep. 776; Ray v. Nally (Ky.) 89 S. W. 486, 28 Ky. Law Rep. 421; Trustee of Cin. Southern Ry. Co. v. Slaughter, 126 Ky. 492, 104 S. W. 291; Wray v. Brown, 155 Ky. 757, 761, 160 S. W. 488; Salmon v. Martin, 156 Ky. 309, 160 S. W. 1058; Bridwill v. Neltner, 173 Ky. 847, 191 S. W. 633. The outlet of the appellants was not closed nor its termini changed, but the claim is that the new road was not as good as the old one. The fact is that both were plain dirt roads on the same character of soil, and the finding of the chancellor that the rights of appellants were not materially affected by the change is supported by the evidence. Salmon v. Martin, 156 Ky. 309, 160 S. W. 1058; Kennedy v. Kennedy, 186 Ky. 549, 551, 217 S. W. 891; Dalton's Committee v. Dalton, 172 Ky. 585, 587, 189 S. W. 902.

But appellants insist that the change in the passway could not be made by the owners of the land except in the manner pointed out by the Act of 1918, c. 99, sec. 8 (Ky. Stats., sec. 3779a-13). The statute has no application to a mere deviation in the route of a passway so long as the beginning and ending thereof are not changed, and no material inconvenience or injury is caused. It may be that the statute applies only to passways established pursuant to its provisions (Gibson v. Porter [Ky.] 15 S. W. 871, 12 Ky. Law Rep. 917), but, in view of our conclusion on the facts presented, it is neither necessary nor proper at this time to determine that question.

Since the right of the appellants to the use of the passway was not materially impaired, and the alterations made therein were mere deviations that are common in such cases, the circuit court committed no error in dismissing the action.

The judgment is affirmed.