FRIEND et al. v. HOLCOMBE.

No. 31749. Oct. 16, 1945.

Rehearing Denied Nov. 6, 1945.

*162 P. 2d 1008.*

Jesse L. Ballard, of Tulsa, and John L. Arrington, of Pawhuska, for plaintiffs in error.

J. C. Cornett, Frank T. McCoy, John T. Craig, and John R. Pearson, all of Pawhuska, for defendant in error.

DAVISON, J. This cause is presented on appeal from the district court of Osage county. The action was instituted on April 9, 1943, by Thad Holcombe, as plaintiff, against W. F. Friend, Sr., and W. F. Friend, Jr., to obtain an injunction to prevent the defendants from interfering with plaintiff's use of a roadway across the land of the defendants. Defendants' answer was a general denial.

On August 3, 1943, the cause was tried to the court without the aid of a jury. At the conclusion of the action the court rendered judgment for the plaintiff, holding that the roadway which

plaintiff sought to use had been used and possessed as a road for more than 15 years prior to the commencement of plaintiff's action.

The road in question which is herein claimed to have been acquired by prescription commences south of the town of Bowring in Osage county, Okla. At that point it departs in an easterly direction from the public highway. It passes through property belonging to and leased by the defendants in this action until it reaches the property of the plaintiff herein, through which it passes to the east side thereof where there is a fork. One branch of the road angles to the north and the other branch angles to the south.

Historically the road has been used for years. In fact, the record indicates that such use started about 1885 and continued thereafter without interruption until, in April of 1943, the defendants, Friend and Friend, fenced the land placing gates across the road. Soon thereafter the gates were removed and the fence was stretched across the road.

Plaintiff not only relied upon the continued use of the road by the public generally but he also emphasized that such use had been mutually enjoyed by plaintiff and his predecessors and by defendants and their predecessors throughout the years.

In this connection it is also emphasized that both plaintiff and defendants and their predecessors in title owned or controlled adjacent lands over which the road passed, and that plaintiff claimed his right of prescription under the "mutual use rule."

The plaintiff, Holcombe, acquired his ranch in 1933. The Friends acquired their ranch in 1935. At the time the ranches were acquired the territory was only partially fenced. No fence had been placed on the east side of the road running from Bowring to Pawhuska. Since that time additional fences have been constructed.

At the conclusion of the trial of this case, the judgment of the trial court was for the plaintiff. The trial court decided that the road had been used by the plaintiff and other members of the public for a sufficient length of time to create a right of way for road purposes by prescription. It held that the public use of the right of way was adverse rather than permissive.

In its conclusion we believe the trial court erred. The mere permissive use of a way over the land of another, no matter how long indulged in, will never ripen into an easement.

In Thomas v. Morgan, 113 Okla. 212, 240 P. 735, we held that:

" 'A mere permissive use of the lands of another is not adverse and cannot give an easement by prescription no matter how long it may be continued.' 19 C.J. 887."

Throughout the years the use of the road seems to have been permissive. We find no testimony in the record which supports the trial court's finding that the public use of the highway was adverse. On the contrary, it was, as we have previously noted, permissive in every sense of the word. The Friends never did object and, in so far as we can ascertain from the record, no one else who ever owned or controlled the land over which the road or any part thereof ran ever raised an objection or sought to compel the cessation of traffic.

The question as to whether the use of the land of another is permissive is often difficult and in many instances is based on the facts and circumstances of the individual case. The prevailing rule is that where a claimant has shown an open, visible, continuous and unmolested use of land for the period of time sufficient to acquire an easement by adverse user, the use will be presumed to be under a claim of right, and the owner of the servient estate, in order to avoid the acquisition of an easement by prescription, has the burden of rebutting this presumption by showing that the use was permissive.

17 Am. Jur. 981; 19 C.J. 959. This rule, however, appears to be elastic and the proof of adverse user, to create prescriptive right to passway that traverses uninclosed lands, must be much more convincing than proof required to establish same right when passway traverses clear or inclosed land. Evans v. Bullock, 260 Ky. 214, 84 S. W. 2d 26. The reason supporting this latter rule is that few owners of uninclosed land pay any attention to the travel over it, but when there is much travel over inclosed or cultivated land, it is, as a rule, a serious inconvenience as well as a source of annoyance to the owner, and as to the latter status it will be presumed that the use was with the knowledge of the owner, and that if he permits its use for the requisite period without attempting to interfere, his action will be taken as his implied consent thereto, while the mere fact that he permits the public to travel at liberty through unimproved lands might not raise any presumption of a grant.

Following the thought contained in the above paragraph, it was said in the case of Hester v. Sawyers, 41 N. M. 497, 71 P. 2d 646:

"In this state, where large bodies of privately owned land are open and uninclosed, it is a matter of common knowledge that the owners do not object to persons passing over them for their accommodation and convenience, and many such roads are made and used by neighbors and others. Under these circumstances it would be against reason and justice to hold that a person so using a way over lands could acquire any permanent right, unless his intention to do so was known to the owner, or so plainly apparent from acts that knowledge should be imputed to him. Waller v. Hildebrecht, 295 Ill. 116, 128 N. E. 807; Evans v. Bullock, 260 Ky. 214, 84 S.W. 2d 26; Schroer v. Brooks, 204 Mo. App. 567, 224 S.W. 53; Bridwell v. Arkansas Power & Light Co., 191 Ark. 227, 85 S.W. 2d 712; 1 Thompson on Real Property, sec. 478."

We are of the opinion that the case of Hester v. Sawyers, supra, is analogous to the case at bar. In the present case the lands and passway involved is situated in Osage county, which county is generally known to be the largest cattle grazing county in the state. In the cited case the ranches, as in the present case, are generally large, and in the past usually uninclosed. In the present case the evidence disclosed that no objection was ever made by the defendants or their predecessors in title to people crossing their lands. No doubt they and their predecessors in title were following the "good neighbor" policy which has been generally known to be the custom in Osage county, and defendants' attention was never called to the fact that plaintiff or others using the roadway were claiming such use as a right or adversely to defendants, nor was there any testimony in the record that would impute to defendants that the use by plaintiff and others was adverse.

The plaintiff directs our attention to the "mutual use" rule announced in 19 C.J. 902, and restated in 28 C.J.S. 673, and also approved and applied by this court in Johnson v. Whelan, 171 Okla. 243, 42 P. 2d 882.

The rule is narrow in its application. It applies when two owners of adjacent property construct a driveway, one-half of which is on the land of each, and holds that the continuing use of such a driveway is in effect adverse and should be so treated. That when such use has continued for the statutory period of 15 years each of the parties has an easement on the land of the other for the continuing use of the driveway. The rule has no application in this case.

Defendant in error, plaintiff below, has failed to call our attention to any case where the mutual use rule or mutual use exception has been applied to a roadway which consecutively crosses the land of different owners and our own research fails to reveal such a case.

Defendant in error also urges that

the defendants, plaintiffs in error, do not deny that they used the road across his land, and they do not deny that such road was used by the public generally since a time prior to the admission of Oklahoma Territory as a state in 1907.

Under the record in this case and from our examination on the proof, we are of the opinion, and hold, that the trial court erred in holding that the use of the way over defendants' land by plaintiff and other members of the public was adverse. We think it was permissive and so hold.

We are of the opinion that the judgment of the trial court should have been for the defendants.

In this cause the defendant in error has presented and herein urges a motion to dismiss the appeal on the theory that the motion for a new trial was prematurely filed. The motion to dismiss is without substantial merit. The record reflects that the trial court rendered its judgment on September 8, 1943, and that the motion for a new trial was filed on August 4, 1943. However, the record further reflects that the evidence in the case was closed on August 3, 1943, and that at the conclusion of the evidence and before the motion for a new trial was filed the trial judge announced that his decision was and would be for the plaintiff. 12 O.S. 1941 § 653 provides:

"The application for a new trial must be made at the term the verdict, report or decision is rendered, and, except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, or impossibility of making a case-made, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

The question on the motion to dismiss is whether the declaration of the trial court that his judgment would be for the plaintiff amounted to a decision of the cause. We are of the opinion, and hold, that this question requires an affirmative answer. Price v. Sanditen, 170 Okla. 75, 38 P. 2d 533; Abernathy v. Huston, 166 Okla. 184, 26 P. 2d 939; City of Muskogee v. Irvin, 45 Okla. 118, 145 P. 415; First National Bank v. Oklahoma National Bank, 29 Okla. 411, 118 P. 574.

We therefore conclude that the trial court announced its decision on August 3, 1943, and that the motion for new trial was filed and presented at a proper time.

The motion to dismiss should be, and is, denied.

The cause is reversed, with directions to enter judgment for the defendants.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, WELCH, CORN, and ARNOLD, JJ., concur. BAYLESS, J., not participating.