**Jack WHARTON and the City of Barbourville, Kentucky, a Municipal Corporation, Appellants,**

v.

**Mattie Hays COLE, Appellee.**

Court of Appeals of Kentucky.

Feb. 27, 1970.

Modified on Denial of Rehearing

June 12, 1970.

A. Henry Ralston, Denham, Ralston & Nagle, Middlesboro, for appellants.

Charles G. Cole, Jr., Cole & Cole, Barbourville, for appellee.

NEIKIRK, Judge.

Appellant City of Barbourville obtained from appellee Mattie Hays Cole a deed whereby the City was granted a perpetual easement for a flood-wall levee. The deed gave the City the "right to remove therefrom natural and artificial structures or obstructions, including timber and other natural growths and any other obstructions, growth, accumulation, brush, trash, filth, or any other thing which may be considered detrimental to the construction, operation and maintenance of said project,"

but reserved to this landowner "all such rights and privileges in said land as may be enjoyed without interfering with or abridging the rights and easements hereby conveyed."

The City constructed an earth-type levy on the easement granted by Mattie Hays Cole.

Initially, appellant Jack Wharton, an employee of the City, removed a fence that Mattie Hays Cole had placed on the easement granted to the City. The fence enclosed the boundaries of the Cole land and traversed the easement, as Cole owned land on both sides of the land described in the conveyance to the City. The fence had been placed across the fill at the boundary line as described in the easement. Mattie Hays Cole sought an injunction against the City, refusing the City the right to remove the fence. A judgment was entered in favor of Mattie Hays Cole, granting the desired injunction, but this court reversed because the judgment was entered without notice. Wharton v. Cole, Ky., 374 S.W.2d 498.

Thereafter, the issues were presented to the trial court by amended pleadings and stipulations. The parties sought a declaration of rights under the easement. The trial court was called upon to determine whether Mattie Hays Cole had the right "under the terms of the Deed of Easement" to build and maintain fences and gates along the boundaries traversing the floodwall of the property described in the "Deed of Easement." The trial court said "Yes," but qualified the right. The City appeals. We affirm.

The trial court directed that there should be gates in the fences of sufficient width to accommodate free passage of any equipment that might be used by the City in connection with the flood wall; that the gates could be locked, but in that event, keys should be furnished the City.

■ The City insists that under the grant of easement Mattie Hays Cole cannot

use the land "in any way." We do not agree. She had the right to use the land in such ways as would not be "detrimental to" or "interfering with or abridging" the easement rights.

No proof was introduced by either of the parties. Lacking evidence of just how the erection of a fence with gates on the boundary lines of the easement would interfere with or be detrimental to the granted rights and privileges of the City, the circuit court was entirely justified in holding that erection of a fence with gates was within the rights reserved to the grantor.

■ The owner of the servient estate may not unreasonably exercise her rights to the injury of the City. Blair v. City of Pikeville, Ky., 384 S.W.2d 65; City of Williamstown v. Ruby, Ky., 336 S.W.2d 544; Higdon v. Kentucky Gas Transmission Corporation, Ky., 448 S.W.2d 655; 25 Am.Jur.2d, Easements and Licenses, Section 89, page 494. But there is nothing here to show that the fence with gates will materially injure the City.

The City submitted an excellent brief directing our attention to the regulations and provisions of the Operation and Maintenance Manual of the Barbourville, Kentucky Local Protection Project, U. S. Army Engineer District, Nashville, Corps of Engineers, Nashville, Tennessee. Suffice it to say that the trial court, even though the Manual by stipulation was made a part of the record, was not called upon to construe its many provisions.

In the instant case, the trial court correctly determined the rights of the parties under the easement, based on the pleadings and stipulation of facts.

The judgment is affirmed.

All concur.