Vanzel STEWART, Jr., et al., Appellants,

v.

Gerry Fannin COMPTON et
al., Appellees.

Court of Appeals of Kentucky.

Feb. 4, 1977.

Kelley Asbury, Catlettsburg, for appellants.

Todd M. Ward, Louisa, for appellees.

### AFFIRMING IN PART—REVERSING IN PART

Before WINTERSHEIMER, WHITE and WILHOIT, JJ.

WINTERSHEIMER, Judge.

This action was instituted on May 23, 1975, by Gerry Fannin Compton and other heirs of C. H. Fannin, against Curtis R. Robinette and others, who are the owners of a certain tract of land in Lawrence County, Kentucky. The Plaintiffs below sought an injunction requiring the Defendants to remove or open a locked gate across the roadway to a private cemetery. The action was heard by the trial court on agreed Statements of Facts and Memorandum Briefs submitted by counsel. On August 16, 1976, the trial court issued Findings of Facts, Conclusions of Law and a Judgment which permanently enjoined the Defendants below and prohibited them from placing any kind of lock or locking device upon or attached to, or from locking in any way, the gate across the pass way leading to the C. H. Fannin Cemetery. The court further ordered the Defendants to restore the previously existing roadway, ten feet in width, to as near its condition prior to the bulldozing by the Defendants as possible, and ordered the Plaintiffs free and unhin-

dered use thereof. The court further ordered that the Plaintiffs be entitled to use the said roadway leading to the cemetery and be entitled to a reasonable amount of space around the cemetery for turning their vehicles. The Defendants appealed from this Decision. This Court affirms in part and reverses in part.

There are three issues presented:

1. May the owner of a servient estate, who purchased such estate with knowledge of an open pass way to a cemetery thereon, place a lock on the pass way gate without the consent of the owners of the pass way right?

2. Do the owners of the servient estate have a right to change the location of a free pass way so long as it does not change the beginning or ending of the pass way and no material inconvenience results?

3. Where there is a reservation of a free pass way to a cemetery, may the trial court order a turn around without specifically defining it?

■ The major issue in contention in this appeal is the right of the Appellants to place a locked gate across a free pass way. The issue here is that the easement is an express reservation and is to be a free pass way which means it shall be open and available for use without any hindrance or other burden. The persons visiting the cemetery were to be able to do so at their convenience. To require such persons to resort to keys would be an unreasonable interference with their right as owners of the dominant estate. There is no contest as to the right to maintain a gate. The sole issue is the right to keep the gate locked.

The Appellants rely on the case of *Blair v. City of Pikeville*, Ky., 384 S.W.2d 65 (1964). That case concerns a situation where the pass way was not in existence at the time of the grant. In the instant case we have a free pass way not only in existence at the time of the reservation, but which was also in existence for many years prior to the reservation.

The Appellants further cite the case of *Wharton v. Cole*, Ky., 453 S.W.2d 741 (1970). The *Wharton* case refers to locked floodwall gates. In that case the number of persons requiring keys could be readily ascertained and the gate access could be quickly established. Moreover, in the *Wharton* case, a readily discernible reason for the locking of the gates was available. In the instant case it is difficult to imagine that even a locked gate would deter a thief or a vandal. Further, there is no evidence in the record of vandalism or theft as a result of an unlocked gate.

■ The second issue relates to the change of location of the free pass way by the owners of the servient estate without the consent of the owners of the dominant estate or pass way. In *Terry v. Boston*, 246 Ky. 222, 54 S.W.2d 909 (1932), the Court of Appeals of Kentucky established that the owner of a servient estate may change the location of a free pass way easement so long as the owner of the servient estate does not change the beginning and ending thereof, and it does not result in a material inconvenience to the rights of those entitled to use the free pass way. There is no evidence in this case that there is any present material inconvenience or injury caused by changing the location.

The case of *Newberry v. Hardin*, 290 Ky. 394, 161 S.W.2d 369 (1942), is not applicable to the present situation and does not change the rule enunciated in the *Terry v. Boston* case.

■ The final issue to be considered by the Court is the question of whether the trial court erred in failing to define the turn around provision related to the use of the cemetery pass way. The trial court ordered that the Plaintiffs were entitled to use the roadway leading to the cemetery and a reasonable amount of space around the cemetery for turning their vehicles. Since it is the right of the Plaintiffs/Appellees to have ingress and egress to the cemetery, it is necessary under modern conditions to permit a reasonable space to turn

their vehicles around. There is no evidence in the record of any abuse of the right of ingress and egress and it is the opinion of this Court that the award of a reasonable amount of space around the cemetery for turning vehicles, without specifically defining the space, is not an abuse of discretion or error by the trial court. Without such a right, the right of ingress and egress would be meaningless.

The Judgment below is affirmed in respect to the right of the Plaintiffs/Appellees to a permanent injunction prohibiting the placing of any kind of lock or locking device on the gate across the pass way leading to the C. H. Fannin Cemetery.

The Judgment of the trial court is reversed in respect to the requirement that the Defendants/Appellants shall restore the previously existing roadway prior to its bulldozing.

The Judgment of the court is affirmed in respect to the awarding of a reasonable amount of space around the cemetery for the turning of visiting vehicles.

ALL CONCUR.